IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Larry Leon Kittrell, Jr., #194550, | Civil Action No. 8:07-3325-RBH-BHH |
| Plaintiff, | |
| vs. | |
| Agency Director Jon Ozmint, SCDC; Warden Levern Cohen; Assistant Warden C. Anthony Burton; and Major Christopher Felder, in their individual capacity, to include their official capacity, | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Defendants. | |

This matter is before the Court on the plaintiff's request for a temporary restraining order directing the defendants to refrain from requiring him to wear a "pink" jumpsuit. [Doc. 20.] The plaintiff alleges in his Complaint that inmates who are found to have violated the prison Sexual Misconduct policies must wear pink jumpsuits.  The plaintiff, however, has since admitted in his TRO motion that he has now been given a "tan" jumpsuit and is no longer required to wear a pink one. [Doc. 20 at 2.] There is no evidence or allegation that he is under any threat to again be required to wear the pink jumpsuit. The Court will not assume as much.  Accordingly, there is no basis to enter the TRO.  *See* Fed. R. Civ. P. 65 (requiring immediate, irreperable threat of injury); *Incumaa v. Ozmint,* 507 F.3d 281, 286-87 (4th Cir. 2007) (holding that "the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition *moots* his claims for injunctive and declaratory relief, even if a claim for money damages survives." (emphasis added)).  Based on the foregoing, therefore, it is recommended that the plaintiff's motion for a TRO should be DENIED.

    IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

January 28, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).